**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4817**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JUVENILE MALE, #4,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (7:08-cr-00006-FL-4)

Submitted:  November 30, 2009      Decided:  January 4, 2010

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert J. McAfee, MCAFEE LAW, P.A., New Bern, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juvenile male (Appellant) appeals the district court's finding that he was a juvenile delinquent. The court determined that Appellant committed three acts of delinquency: conspiracy to commit larceny, in violation of 18 U.S.C. § 661 (2006); breaking and entering, in violation of N.C. Gen. Stat. § 14-54(a) (2007), as assimilated by 18 U.S.C. §§ 2, 13, 5032 (2006); and larceny, in violation of 18 U.S.C. §§ 2, 661, 5032 (2006). On appeal, Appellant argues that the district court erred in denying his motion to dismiss the criminal information as barred by the Double Jeopardy Clause, and that the court erred in denying his motions for judgment of acquittal because the evidence was insufficient to establish that he participated in the charged crimes. We affirm.

Appellant first argues that his prosecution in the district court violated his rights against double jeopardy because the Commanding Officer of the Marine Corps Base had already taken punitive action against him. This court reviews double jeopardy issues de novo. United States v. Holbrook, 368 F.3d 415, 424 (4th Cir. 2004). "The Clause protects only against the imposition of multiple criminal punishments for the same offense." Hudson v. United States, 522 U.S. 93, 99 (1997). In analyzing this issue, we follow the framework established in Hudson. 552 U.S. at 99-100. Our review of the record leads us

2

to conclude that the district court properly denied Appellant's motion to dismiss on Double Jeopardy grounds.

Appellant next argues that the district court erred in denying his motions for judgment of acquittal because the evidence was insufficient to establish his guilt. He does not contest that the charged crimes occurred, but asserts that the evidence did not establish that he was involved in the offenses.

> The standard of review in criminal cases where the district court sits in judgment without a jury is well-settled. We review findings on factual issues other than the ultimate issue of guilt using the clearly erroneous test. On the ultimate issue of guilt, we review the district court's finding to determine if it is supported by substantial evidence.

United States v. Lockhart, 382 F.3d 447, 451 (4th Cir. 2004). In determining whether the evidence in the record is substantial, this court views the evidence in the light most favorable to the Government, and inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to establish a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In this case we find that the district court properly denied Appellant's motions for judgment of acquittal as the evidence was sufficient to establish his guilt.

Accordingly we affirm the district court's judgment. We dispense with oral argument because the facts and legal

3

conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED